Dana DERFUS, Plaintiff,

v.

FAR WEST VILLA DEL MAR, LTD., a California Corporation, the County of Los Angeles, John F. Mahon, Marshal, County of Los Angeles, Peter J. Pitchess, Sheriff, County of Los Angeles, Municipal Court, County of Los Angeles, Culver Judicial District, Defendants.

No. 79–1142 ALS (TX).

United States District Court,
C. D. California.

June 21, 1979.

David S. Koslow, Hertzberg, Koslow & Franzen, Los Angeles, Cal., for plaintiff.

Arthur M. Wilkof, Marina Del Rey, Cal., for Far West Villa Del Mar, Ltd.

John H. Larson, County Counsel, Robert W. Rodolf, Principal Deputy County Counsel, Los Angeles, Cal., for County defendants.

## DECISION AND ORDER

### (Denying Injunctive and Declaratory Relief)

HAUK, District Judge.

The cause having come on regularly for hearing on April 23, 1979, on the application for a preliminary injunction, with which the Court on its own motion consolidated the hearing on the merits of the final injunction and declaratory judgment pursuant to Fed. R.Civ.P., Rule 65(a)(2), and the plaintiff being present and all parties represented by counsel, and the Court having duly and fully considered all exhibits, papers, evidence, and arguments of counsel, both at this hearing and at the hearing on the application for the temporary restraining order on April 18, 1979, the Court now makes the following:

## FINDINGS OF FACT

1. Plaintiff and defendants entered into a written Berth Rental Agreement on January 8, 1973, whereupon plaintiff took possession of Berth No. C1117, at Marina del Rey Small Craft Harbor, County of Los Angeles, California. Plaintiff continues to be in possession of said berth as a "live-aboard" tenant.

2. On or about February 18, 1977, defendant caused to be served on plaintiff a written notice declaring said tenancy to be terminated at the expiration of thirty (30) days after the service of said notice on plaintiff and required plaintiff to deliver up possession of the berth to defendant on or before expiration of said thirty (30) day period.

3. Plaintiff continued in possession of said berth beyond the thirty (30) day period, and, thereafter, on March 24, 1977, defendant filed its Complaint For Unlawful Detainer in the Municipal Court of Culver Judicial District, County of Los Angeles, State of California, case number A15032.

4. On April 11, 1977, plaintiff filed an Answer to said Complaint For Unlawful Detainer, generally denying the defendant's right of possession and affirmatively alleging, as a defense, and as a general demurrer to the complaint, that said action was brought in violation of the Fourteenth Amendment to the United States Constitution, in that plaintiff was entitled to notice of good cause for termination of his "live-aboard" tenancy and an opportunity for an impartial hearing prior to the termination thereof. Said constitutional rights of plaintiff and defenses to the unlawful detainer action brought by defendant are set forth as the Fifth and Sixth Affirmative Defenses in his Answer.

5. Thereafter, a trial was held in the unlawful detainer action and judgment entered on August 22, 1977, by the Municipal Court of the Culver Judicial District, overruling the general demurrer and rendering judgment for the defendant herein against plaintiff herein, and granting restitution and repossession of said berth, declaring the Berth Rental Agreement to be forfeited granting judgment for defendant herein, for attorney's fees and costs as provided by law.

6. On January 2, 1979, the Appellate Department of the Superior Court of the State of California for the County of Los Angeles rendered its opinion and judgment, affirming the above mentioned judgment of the Municipal Court.

7. Upon application by plaintiff on or about January 28, 1979, the Appellate Department of the Superior Court denied rehearing, and granted certification to the California Court of Appeal. Thereafter, on February 14, 1979, the Court of Appeal of the State of California, Second Appellate District, Division II, case number A 15465 issued a Memorandum Decision which determined that transfer to it under California Rules of Court, Rule 63(a) was not necessary, effectively denying the appeal.

8. On or about March 14, 1979, plaintiff filed a Petition for Extraordinary Relief in the Nature of Mandamus and for a Stay of Execution in the Supreme Court of the State of California, case number L.A. 31089. On March 14, 1979, after consideration of said Petition, the California Supreme Court transferred the matter down to the Court of Appeal, again Second Appellate District, Division II for consideration. On March 20, 1979, the Court of Appeal denied said petition in its entirety.

9. On or about March 22, 1979, plaintiff filed a second petition for Hearing and for Emergency Stay in the California Supreme Court. That Court denied plaintiff's petition on April 12, 1979. Case No. 55690.

10. Plaintiff herein at no time sought a Writ of Certiorari in the state action from the Supreme Court of the United States.

11. On April 25, 1978, the Board of Supervisors of Los Angeles County adopted Ordinance No. 11,704, a copy of which was presented to and considered by this Court. It provides grounds for evicting "live-aboard" boat tenants. But, at no time has the County of Los Angeles become so intimately involved in the day-to-day operation of the Vista del Mar project so as to become a joint participant. Thus, defendants' actions were not and are not equivalent to state action.

12. To the extent that any of these findings of fact are deemed to be conclusions of law, they are incorporated below as such.

## CONCLUSIONS OF LAW

1. The within case is a proper one for the advancement of the hearing on the merits for the final injunction and the declaratory judgment and consolidation of that hearing with the hearing on the application for a preliminary injunction pursuant to Fed.R.Civ.P., Rule 65(a)(2).

2. The right to dock one's boat at a particular berth or marina cannot be equated with the right to decent low-cost housing even if one chooses to live aboard the boat. The nature of the right for which plaintiff seeks protection simply does not rise to the level entitled to constitutional protection which would override traditional landlord-tenant relationships in leases allowing, as here, for termination on thirty (30) day written notice by either party.

3. On November 30, 1973, the Honorable Warren J. Ferguson, United States District Judge for the Central District of California, issued his Order Dismissing Complaint in *Feldman, et al. v. Tahiti Marina Ltd., et al.,* CV 73–2749–F. The factual and legal issues in that case are the same as those presented to the Court in the within matter, and the Order of Judge Ferguson establishes a precedent that ought to be and is followed by the Court in the case at bar.

4. Los Angeles County Ordinance No. 11,704, the so-called "live-aboard boat tenancy" ordinance, relied upon by plaintiff, cannot be applied here in this action because it was enacted thirteen months after commencement of the Unlawful Detainer action in the state court by the defendant here (plaintiff there). Even if it were applicable, it does not give rise to any constitutional rights or any rights granted by Federal statute.

5. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), is not applicable in this case because the plaintiff here already has raised his constitutional arguments in the State action and proceedings on appeal in the State before the action was filed in this Court. Therefore, and since plaintiff has failed to exhaust his remedies in the State action by failing to seek certiorari in the United States Supreme

Court, this Federal District Court should not address those issues.

6. The only issue in this case is whether or not the defendant acted in a capricious or arbitrary manner or violated the plaintiff's constitutional rights prohibiting retaliatory eviction, restriction of free speech, or unconstitutional discrimination. The Court concludes as a matter of law that defendants did not act in a capricious or arbitrary manner, and that defendants did not violate plaintiff's constitutional rights protecting him against retaliatory eviction, restriction of free speech, or unconstitutional discrimination.

7. None of the defendants acted in an arbitrary or capricious manner or violated any of plaintiff's constitutional rights.

8. The actions of the defendants, and each of them, were and are all well within the parameters of the provisions set forth in the California Civil Code governing Unlawful Detainer and are not in violation thereof.

9. The mere failure of defendants to provide plaintiff with a "statement of good cause" does not give rise to a Federal cause of action, absent a statute or regulation requiring such statement at the time such notice was actually sent, here thirteen months before the County Ordinance cited above.

10. To the extent that any of these conclusions of law are deemed to be findings of fact, they are incorporated above as such.

## ORDER

Pursuant to the aforesaid Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED that:

1. The Temporary Restraining Order issued on April 18, 1979 should be and hereby is vacated and revoked; the trial on the merits has been advanced and consolidated with the hearing on the application for the preliminary injunction.

2. The applications for the preliminary and final injunctions are hereby denied, and the complaint and each and every alleged cause of action therein contained should be and hereby is dismissed.

3. Costs of suit are awarded defendants as provided by law.

4. LET JUDGMENT BE ENTERED ACCORDINGLY, without prejudice to plaintiff's pursuit of alleged rights in his State court action.

## JUDGMENT

(Denying Injunctive and Declaratory Relief)

In accordance with the Decision and Order filed and entered herein,

IT IS ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. The Temporary Restraining Order heretofore issued is vacated and revoked;

2. The applications for the preliminary and final injunctions are hereby denied, and the complaint is dismissed along with each and every cause of action alleged or attempted to be alleged therein;

3. Defendants shall recover their costs of suit incurred herein, which are hereby taxed in the sum of $_____;

4. This Judgment shall be and is made and entered without prejudice to plaintiff pursuing his alleged rights in present or future State action or actions.